UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELEPEER CLOUD COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILLICORP, INC.,<br><br>Defendant. | Case No. 16-cv-00303-MEJ<br><br>**ORDER FOR REASSIGNMENT WITH REPORT & RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiff IntelePeer Cloud Communications, LLC ("Plaintiff") seeks recovery of amounts due for voice communications and related services provided by Plaintiff to Defendant Millicorp., Inc. ("Defendant"). Compl. ¶ 1, Dkt. No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment, in which Plaintiff requests the Court enter an order granting default judgment on its claims against Defendant Millicorp, Inc., awarding damages in the amount of $142.493.41, plus interest. Dkt. No. 11. No response has been received from Defendant. Accordingly, the Court **VACATES** the April 21, 2016 hearing pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-(1)(b).

After carefully reviewing the motion and controlling authorities, the undersigned issues this Report and Recommendation. The undersigned **RECOMMENDS** the District Court **GRANT** Plaintiff's Motion for Default Judgment for the reasons set forth below. Because no consent to magistrate judge jurisdiction has been filed by Defendant, the Clerk of Court shall **REASSIGN** this case to a district court judge for disposition.

## BACKGROUND

Defendant entered into an agreement with Plaintiff (the "Master Services Agreement" or "MSA") effective March 20, 2013. Compl. ¶ 9, Ex. 1. Defendant subsequently negotiated and

1  agreed to Amendment No. 1 to the MSA, on August 19, 2014. *Id.* ¶ 10, Ex. 2 (Am. No. 1 to
2  MSA). Under the MSA, Plaintiff provided communications and related services to Defendant,
3  which Defendant used and paid for initially. *Id.* ¶ 11.

4  Beginning with the December 2014 invoice, Defendant refused to pay Plaintiff any amount
5  for the services it utilized. *Id.* ¶ 16. Plaintiff discontinued Defendant's services for non-payment
6  on April 1, 2015. *Id.*, Ex. 4 (March 26, 2015 Notice of Suspension for Non-Payment); *id.* ¶ 17, Ex
7  5 (copies of Invoice Nos. INV-64773 (Dec. 1, 2014), INV-65985 (Jan. 1, 2015), INV-67213 (Feb.
8  1, 2015), INV-68463 (March 1, 2015), INV-70571 (April 1, 2015), and INV-72483 (June 1,
9  2015)).

10  From December 2014 through March 2015, Plaintiff repeatedly contacted Defendant in
11  order to collect on the amounts due, but Defendant remained unresponsive. *Id.* ¶ 18. Demands for
12  payment included a formal letter from Plaintiff's counsel styled as Demand for Payment of
13  Overdue Amounts Owed ("Demand Letter"). *Id.* ¶ 19, Ex. 6. The Demand Letter was delivered
14  via overnight delivery to Millicorp President and Chief Executive Officer Timothy Meade at two
15  known Florida addresses and Millicorp's Director, VP, Secretary, and Registered Agent, Jeff
16  Brown at yet another Florida address on or about November 9, 2015, and via electronic copy to
17  the last known email addresses of these same persons on or about November 7, 2015. *Id.* ¶ 19.
18  Defendant has not paid the balance, and it remains outstanding. *Id.* ¶ 20.

19  On January 19, 2016, Plaintiffs filed this Complaint for breach of contract and related
20  claims. Dkt. No. 1. Plaintiff served Defendant with a copy of the Complaint and Summons via
21  U.S. Certified Mail. Declaration of Erik Cecil ("Cecil Decl.") ¶ 2, Dkt. No. 11-1. Proof of receipt
22  of the Complaint and Summons was returned on January 25, 2015. Dkt. No. 7. Defendant failed
23  to respond to the Complaint. Cecil Decl. ¶ 2; Declaration of Anita Taff-Rice ("Taff-Rice Decl.") ¶
24  2, Dkt. No. 11-2.

25  On February 26, 2016, Plaintiffs applied to the Clerk of Court pursuant to Federal Rule of
26  Civil Procedure ("Rule") 55(a) for entry of default against Defendant on the basis that it failed to
27  plead or otherwise defend against the Complaint. Dkt. No. 8. Plaintiff sent a copy of its
28  application for default via U.S. certified mail return receipt requested to Mr. Brown, Defendant's

1  registered agent. Taff-Rice Decl. ¶ 4. Plaintiff received notification from the U.S. Postal Service
2  that the application had been received and signed for at Mr. Brown's law firm address on March 1,
3  2016. *Id.* ¶ 5. On March 1, 2016, the Clerk of Court entered default against Defendant. Dkt. No.
4  9.
5        On March 16, 2016, Plaintiff filed the present Motion for Default Judgment against
6  Defendant pursuant to Rule 55(b)(2). Plaintiff seeks $142,493.41 in unpaid invoice amounts and
7  accrued interest through the date of judgment. Mot. at 4; *see also* MSA § 4.4 (permitting late fees
8  "in the amount of one and one-half percent (1.5%) per month compounded monthly).

**DISCUSSION**

**A.    Jurisdiction and Service of Process**

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

    1.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between a citizen of California (Plaintiff) and a citizen of Florida (Defendant), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Compl. ¶ 4.

    2.    Personal Jurisdiction

To enter default judgment, the Court must have a basis for the exercise of personal jurisdiction over the defendants in default. *Tuli*, 172 F.3d at 712; *see also King v. Russell*, 963 F.2d 1301, 1306 (9th Cir. 1992). Traditional bases for conferring a court with personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within

3

the forum state, or a defendant's citizenship or domicile in the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011).

Plaintiff has shown this Court has personal jurisdiction over Defendant due to the contractual agreements between Plaintiff and Defendant, which were executed in California for the provision of service in California and elsewhere; the commission of wrongful acts by Defendant in California or having an effect in California; Defendant's payments for services under the contract into Plaintiff's California bank account; and the direction of voice communications traffic from Defendant to Plaintiff for delivery to locations in California. Compl. ¶¶ 6, 8.

3. Service of Process

Additionally, the Court must "assess the adequacy of the service of process on the party against whom default is requested." *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650, at *2 (N.D. Cal. June 17, 2008). "Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

Rule 4(h) permits service upon a defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service may also be effected by any method authorized under the law of the state in which the district court is located, in this case California. *Id.* 4(h)(1)(A). "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citations and quotations omitted).

Plaintiff served the Complaint and Summons by certified U.S. Mail to Jeff Brown, Defendant's Secretary, Treasurer, and corporate registered agent, at a valid address designated for such service. Cecil Decl. ¶ 2; *see also* Dkt. No. 7. As such, the service of process on Defendant through its agent for service is sufficient and proper.

**B.     Legal Standard – Default Judgment**

Rule 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**C.     Application to the Case at Bar**

Applying the foregoing *Eitel* factors to the case at bar, the undersigned finds default judgment is warranted in favor of Plaintiff.

1.     <u>The Possibility of Prejudice to Plaintiff</u>

The first factor the Court considers in determining whether to grant a default judgment is the possibility of prejudice to Plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. Courts have held that prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916 (C.D. Cal. 2010) (concluding the plaintiff would suffer prejudice if default judgment was not entered where the plaintiff had only received partial payment owed under a contract).

Here, the parties entered into a MSA for communications and related services. Compl. ¶¶ 9-11, Exs. 1-2. Defendant ordered and initially paid for such services under the terms of the MSA. *Id.* ¶ 11. When Defendant ceased payment, Plaintiff repeatedly sought payment through formal requests to Defendant's CEO and its corporate registered agent for service of process; these requests included copies of the MSA, invoiced amounts, and unpaid invoices. *Id.* ¶¶ 18-19, Ex. 6

(Demand Letter). As Defendant has not paid the outstanding amount, Plaintiff faces prejudice if default is entered because it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Further, delay or failure of Plaintiff's securing a judgment decreases or eliminates its ability to recover the amounts due. The first *Eitel* factor therefore weighs in favor of default judgment.

### 2. Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors require the Court to look at the merits of the substantive claims and the sufficiency of the allegations in the Complaint. *Eitel*, 782 F.2d at 1471-72.

Plaintiff has alleged breach of contract, provided detailed explanation of the claims, and supported its Complaint with business records and related exhibits demonstrating the existence of the MSA, Defendant's use of Plaintiff's services, copies the unpaid invoices, and Plaintiff's attempts to collect amounts owing. Compl. ¶¶ 9-10, 13, 16, 18-19; Exs. 1-3, 5-6. Where a plaintiff "has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar*, 725 F. Supp. 2d at 922; *accord Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996) (a "plaintiff's presumptively accurate factual allegations leave little room for dispute," especially where the "defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations"). Thus, because Plaintiff has made allegations supported by evidence and Defendant has not challenged those allegations, these factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

The fourth *Eitel* factor addresses the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

Plaintiff has provided correspondence and business record invoices showing amounts due and owing for the communications and related services it provided to Defendant pursuant to the

terms of the MSA. Compl. ¶¶ 16, 18-19; Exs. 5-6. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Walters v. Statewide Concrete Barrier, Inc.*, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) (citation omitted). Because Plaintiff seeks recovery of invoiced amounts due and owing plus interest per the MSA, the remedy sought by Plaintiff is limited to the damages that would be reasonably expected to put Plaintiff in the same position had Defendant's contractual obligations been fulfilled. Accordingly, the sum of money at stake is reasonably proportionate to the harm caused to them by Defendant's breach. *See id.*

4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. Upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citing Fed. R. Civ. P. 55(a)).

Plaintiff sufficiently alleges and supports all facts necessary to demonstrate the existence of the contract, Defendant's use of Plaintiff's services, the unpaid invoices, and Plaintiff's attempts to collect amounts owing. Compl. ¶¶ 9-10, 13, 16, 18-19; Exs. 1-3, 5-6. Well-pleaded factual allegations in the Complaint are taken as true. *Huynh*, 503 F.3d at 854 (citations omitted); *N. Cal. Glaziers Pension Tr. Fund v. Hollis Glas, Inc.*, 2011 WL 5974618, at *7 (N.D. Cal. Oct. 17, 2011). An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6). Since Defendant has made no attempt to challenge the accuracy of the Complaint, no dispute of material fact exists that would preclude the Court from granting Plaintiff's Motion.

5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether the defendant's failure to respond to the Complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Plaintiff properly served Defendant's registered agent with the Complaint and Summons via U.S. Certified Mail. Cecil Decl. ¶ 2; Dkt. Nos. 7-9. Plaintiff received a receipt for each of these documents via U.S. Certified Mail return receipt. Cecil Decl. ¶ 2. Neither Defendant nor its representative

answered or otherwise defended against the Complaint.  Plaintiff also served Defendant's registered agent with the application for Entry of Default and this Motion.  *Id.* ¶¶ 4-5.  As Defendant has made no appearance in this matter and failed to respond to the present Motion, there is nothing in the record suggesting this failure is based on excusable neglect.  *See Shanghai Automation Instr. Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect).  Thus, this factor supports default judgment.

### 6. Policy Favoring Deciding a Case on its Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment.  *Eitel*, 782 F.2d at 1472.  In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible."  *Id.*  However, courts have recognized that "the mere existence of [Rule 55(b)] indicates that this preference, standing alone, is not dispositive."  *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation and citation omitted).  Similarly, other courts have stated that default judgment is appropriate when a defendant refuses to litigate a case.  *See, e.g.*, *Bd. of Trs. v. RBS Wash. Blvd, LLC*, 2010 WL 145097, at *4 (N.D. Cal. Jan. 8, 2010).  Here, Defendant made no effort to respond to communication attempts by Plaintiff and in no way participated in the proceedings.  As such, a decision on the merits would not be possible.  In situations such as this, Rule 55(b) allows the court to grant default judgment.  This final factor weighs in favor of granting the Motion.

### 7. Summary of the *Eitel* Factors

Based on the foregoing analysis, the undersigned finds each of the *Eitel* factors weighs in favor of granting default judgment.  Accordingly, the undersigned **RECOMMENDS** the District Court **GRANT** the Motion and enter default judgment against Defendant.

### D. Relief Sought

After determining liability, the Court then calculates the amount of damages that should be awarded.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).  This two-step process is proper because while for purposes of default judgment the Court generally accepts as true the factual allegations of the complaint, the Court need not do so regarding damages.  *Id.*

Because Plaintiff's are based solely on Defendant's breach of contract, and it has provided a detailed explanation of the damages, including documents demonstrating the existence of the MSA, Defendant's use of Plaintiff's services, copies of the unpaid invoices, and Plaintiff's attempts to collect amounts owing, the Court finds Plaintiff is entitled to damages in the amount of the unpaid invoices, $142,493.41. Compl. ¶¶ 9-10, 13, 16, 18-19; Exs. 1-3, 5-6. Further, under section 4.4 of the MSA, Plaintiff is entitled to interest "in the amount of one and one-half percent (1.5%) per month compounded monthly). Accordingly, Plaintiff is also entitled to interest. However, Plaintiff has only provided a calculation of interest due as of November 1, 2015, *see* Declaration re: Damages Calculations (showing accrued interest in the amount of $16,136.64 as of November 1, 2015), Dkt. No. 13, yet it seeks interest through the date of judgment. Mot. at 11. While Plaintiff's calculation appears correct under the MSA, interest through the date of judgment will need to be determined.

## CONCLUSION

Based on the above analysis, the undersigned **RECOMMENDS** the District Court **GRANT** Plaintiff IntelePeer Cloud Communications, LLC's Motion for Default Judgment and enter judgment against Defendant Millicorp, Inc. The undersigned further **RECOMMENDS** the Court award Plaintiff:

(1) Principal in the amount of $142,493.41; and

(2) Interest at the rate of 1.5% per month compounded monthly, through the date of judgment.

Plaintiff shall serve a copy of this Report and Recommendation upon Defendant. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: April 7, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge